# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MARK DAVIS,              )
                         **Movant,**     )
v.                       )    Civil Action No. 2:14-16556
                                    )    Criminal Action No. 2:12-00120
UNITED STATES OF AMERICA, )
                         **Respondent.**  )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 89.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 90.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 93.)

## FACTUAL BACKGROUND

By Indictment filed on May 22, 2012, Movant was charged with one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); and one count of Being a Felon in Possession of Body Armor in violation of 18 U.S.C. §§ 931 and 924(a)(7) (Count Two). (Criminal Action No. 2:12-00120, Document No. 12.) On June

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

18, 2012, Movant, by counsel, filed a "Motion to Suppress, and to Dismiss Portions of his Indictment." (Id., Document No. 19.) Specifically, Movant sought the suppression of all firearms and "body armor" evidence on grounds that the evidence was seized in violation of the Fourth Amendment. (Id.) Movant further argued that if the foregoing evidence was suppressed, the Indictment against him should be dismissed because the United States would be unable to prove the charges against him. (Id.) The District Court conducted a hearing on Movant's "Motion to Suppress, and to Dismiss Portions of his Indictment" on September 24, 2012. (Id., Document No. 31.) By Memorandum Opinion and Order filed on November 29, 2012, the District Court denied Movant's "Motion to Suppress, and to Dismiss Portions of his Indictment." (Id., Document No. 58.) On December 4, 2012, Movant plead guilty to Count One of the Indictment and the United States filed a Notice of Dismissal as to Count Two. (Id., Document No. 60 – 62, 64.) A Presentence Investigation Report was prepared. (Id., Document No. 79.) The District Court determined that Movant had a Base Offense Level of 22, and a Total Offense Level of 23, the Court having applied the following: A four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because Movant possessed eight to twenty-four firearms; and A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and (b).[2] (Id.) The District Court sentenced Movant on March 20, 2013, to a 48-month term of imprisonment to be followed by a three-year term of supervised release. (Id., Document Nos. 74 and 77.) The District Court further imposed a $100.00 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On December 4, 2013, the District Court received a letter from Movant seeking advice as

---

[2] The District Court sustained Movant's objection concerning the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B). (Criminal Action No. 2:12-00120, Document No. 78, p. 1.)

to whether he still had a right to appeal his sentence. (Id., Document No. 84.) By "Order and Notice" entered on April 21, 2014, the District Court notified Movant that any avenue for relief concerning his conviction or sentence would most appropriately be brought pursuant to a Section 2255 Motion. (Id., Document No. 86.) The District Court further notified Movant of its intention to re-characterize his letter as a Section 2255 Motion pursuant to Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) and requiring Movant to file any objections to the re-characterization by May 12, 2014. (Id.) Finally, the District Court ordered that if Movant agreed to the re-characterization, Movant was "to complete the enclosed section 2255 form by, **May 19, 2014**, listing *any and all grounds* for relief." (Id.)(emphasis added). On May 14, 2014, Movant notified the Court that he agreed with the re-characterization of his letter. (Id., Document No. 88.)

On May 16, 2014, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:14-16556, Document No. 89.) As his sole ground for *habeas* relief, Movant argues that trial counsel was ineffective in advising Movant against filing an appeal. (Id., p. 4.) In support, Movant states that "at the time the sentence was imposed, the judge strongly advised that I appeal the sentence." (Id.) Movant explains that he discussed the matter with court appointed counsel, Assistant Federal Public Defender Lex A. Coleman. (Id.) Movant states that Mr. Coleman advised against filing an appeal. (Id.) Movant contends that Mr. Coleman explained that "initiating such an appeal would worsen my situation because the appellate court could recommend that I receive a longer sentence." (Id.) Based upon Mr. Coleman's advice, Movant acknowledges that he decided not to file appeal. (Id.) Movant now contends that Mr. Coleman provided inaccurate advice

because the "appellate court will not mandate that a longer sentence be imposed." (Id.) Movant, therefore, states that he is entitled to *habeas* relief because "I was ill advised and that this has not been in my favor."[3] (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d

---

[3] According to the BOP's Inmate Locator, Movant was released from custody on October 23, 2015. Although Movant's term of imprisonment has expired, his Section 2255 Motion is not rendered moot by his release from prison as he is currently serving a term of supervised release. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion will continue to be viable therefore while he is on supervised release. *Smith v. United States*, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin). The undersigned notes that Movant's letter-form Motion for Early Termination of Supervised Release is currently pending before the Court.

493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective

assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

In his Motion, Movant alleges that trial counsel was ineffective in advising Movant against filing an appeal.[4] Movant contends that counsel incorrectly advised Movant that "initiating such an appeal would worsen my situation because the appellate court could recommend that I receive a longer sentence." Even assuming that counsel acted unreasonably in advising Movant that an appeal could result in an increased sentence, Movant cannot establish prejudice.[5] A movant must make specific allegations establishing reason to believe that, if the

---

[4] The undersigned notes that Movant does not allege that he instructed counsel to file an appeal and counsel failed to file such an appeal. Movant acknowledges that he decided against filing an appeal after consulting with counsel. (Civil Action No. 2:14-16556, Document No. 89, p. 4.)

[5] The undersigned notes that trial counsel successfully argued for a variance sentence. The record reveals that District Court determined that Movant had a Total Offense Level of 23 and a Criminal History of III, which resulted in an advisory a Guideline range of 57 – 71 months of imprisonment. The District Court imposed a sentence of 48 months of imprisonment, which was well below advisory Guideline range. (Criminal Action No. 2:12-00120, Document No. 78.) Although Movant states that the District Court "strongly suggested that he appeal his sentence," Movant fails to explain how counsel was ineffective in failing to appeal his sentence.

facts are fully developed, he is entitled to relief. <u>United States v. Roane</u>, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, does not explain how he was prejudiced by counsel's advice against filing an appeal. Specifically, Movant does not set forth any alleged errors he wished to assert on appeal. Further, Movant does not allege that meritorious grounds for appeal even existed. Movant merely states that "at the time the sentence was imposed, the judge strongly advised that I appeal the sentence."[5] The undersigned notes that Movant appears to be misconstruing the District Court's act of advising Movant concerning his right to file an appeal with a suggestion by the District Court that an appeal be filed by Movant. The undersigned finds that Movant's conclusory allegation that counsel was ineffective in advising Movant against filing an appeal to be insufficient. See <u>Grayson v. United States</u>, 2010 WL 3978809 (N.D.W.Va. Sept. 15, 2010)(dismissing conclusory claim of ineffective assistance of counsel based upon counsel's failure to file an appeal). Thus, Movant has failed to state a claim of ineffective assistance of counsel. Based upon the foregoing, the undersigned finds that Movant cannot show that there is a reasonable probability that but for counsel's alleged failure, the results of the proceeding would have been different. Accordingly, the undersigned respectfully recommends that Movant's Section 2255 Motion be dismissed.

---

[5] In his letter to United States District Judge Thomas E. Johnston, Movant explained as follows:

> After sentencing, you leaned towards me from the bench and emphatically and repeatedly told me I should 'appeal the sentence.' I highly respect your Honor's recommendations and would like very much to follow your suggestion, but I simply do not understand what you really meant. Why would you recommend or suggest for me to 'appeal' my sentence; or challenge the issues that you already decided in the suppression hearings? I just do not know.

(Criminal Action No. 2:12-00120, Document No. 84, p. 3.)

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 89) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge

Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to counsel of record and to Movant at his most recently provided address of 1253 Fowler Road, Summerton, SC 29148.

Date: February 23, 2017.

Omar J. Aboulhosn
United States Magistrate Judge